PAUL M. WARNER, United States Attorney (#3389)
MICHELE M. CHRISTIANSEN, Assistant United States Attorney (#7259)
Attorneys for the United States of America
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

MAY 19 2003

MARKUS B. ZIMMER, CLERK
BY _____
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:03CR 0029DAK |
| Plaintiff, | : | |
| v. | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| ANTONIO MORRISON, | : | |
| Defendant. | : | Honorable Dale Kimball |
| | : | |

---

I hereby certify that I have been advised of and that I understand the following facts and rights. I further certify that I have had the assistance of counsel in reviewing and completing this form.

1. The nature of the charges against me have been explained. I have had an opportunity to discuss the nature of the charges with my attorney, and I understand the charges and the elements which the government is required to prove.

2. I know that the maximum possible penalty provided by law for the offense to which I am pleading guilty is: Count I, Possession of a Firearm by Unlawful User of Controlled Substance, a violation 18 U.S.C. 922(g)(3), is a term of imprisonment of up to ten (10) years, and a fine of $250,000.00, or both.

I understand that a term of supervised release will be added to any prison sentence imposed. If the supervised release term is violated, I can be returned to prison for the remainder of my sentence <u>and</u> for the full length of the supervised release term.

Additionally, I know the Court is required to impose a victim assessment fee in the amount of $100 for each count for which I am pleading guilty. I further understand that I must pay this assessment at the time of sentencing.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to the Sentencing Reform Act of 1984, and I have discussed these facts with my attorney. I further know that the final calculation by the Court for sentencing purposes under the procedures applicable to that Act may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea(s) in spite of that fact. I further understand that although the Court is required to consider any applicable sentencing guidelines, the Court may depart from the guidelines under some circumstances.

4. I understand that the Court may order that restitution be paid to any victim of the offense(s) to which I am pleading guilty. I agree to enter, at the time of sentencing, a consent to judgment in the amount of restitution ordered. I understand that any restitution or fine shall be payable during the period of incarceration with the payment of any remaining balance(s) to be a condition of probation or supervised release.

5. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

6. I know that I have a right to plead not guilty, and I know that if I do plead not guilty, I can persist in that plea.

7. I know that I have a right to a trial by jury, and I know that if I were to stand trial by a jury:

>    (a) I have a right to the assistance of counsel at every stage of the proceeding.
>
>    (b) I have a right to see and observe the witnesses who testify against me.
>
>    (c) My attorney can cross-examine all witnesses who testify against me.
>
>    (d) I can call such witnesses as I desire, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay the witness and mileage fees of these witnesses, the government will pay them.
>
>    (e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.
>
>    (f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my failure to testify.

 (g) The government must prove each and every element of the offense(s) charged against me beyond a reasonable doubt.

 (h) It requires a unanimous verdict of a jury to convict me.

 (i) If I were to be convicted, I can appeal, and if I cannot afford to appeal, the government will pay the costs of the appeal including the services of appointed counsel.

8. I know that under a plea of guilty, there will not be a trial of any kind. By pleading guilty, I waive the right to a trial.

9. I know there is no appellate review of any lawful sentence imposed under a plea of guilty.

10. I know that a defendant may appeal a sentence imposed under this plea of guilty in any of the following circumstances:

 (a) If the sentence was imposed in violation of the law.

 (b) If the sentence was imposed as a result of an incorrect application of the sentencing guidelines.

 (c) If the sentence is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under § 3563(b)(6) or § 3563(b)(11) than the maximum established in the guideline range.

 (d) If the sentence was imposed for an offense for which there is no sentencing guideline, and the sentence is plainly unreasonable.

11. I also know the United States may appeal a sentence imposed under this plea of guilty in the following circumstances:

 (a) If the sentence was imposed in violation of law.

 (b) If the sentence was imposed as a result of an incorrect application of the sentencing guidelines.

 (c) If the sentence is less than the sentence specified in the applicable guideline range

3

    to the extent that the sentence includes a lesser fine or term of imprisonment, probation, or supervised release than the minimum established in the guideline range, or includes a less limiting condition of probation or supervised release under § 3563(b)(6) or § 3563(b)(11) than the minimum established in the guideline range.

    (d) If the sentence was imposed for an offense for which there is no sentencing guideline, and the sentence is plainly unreasonable.

  12. I know that under a plea of guilty, the judge may ask me questions under oath, on the record, and in the presence of counsel about the offense(s) to which the guilty plea is entered. The questions, if so asked, must be answered by me, and if I give false answers, I can be prosecuted for perjury.

  13. The only plea agreement which has been entered into with the government is as follows:

  a. Defendant agrees to enter a plea of guilty to Count I of the Indictment.

  b. The Government agrees to:

    1) Move to decrease defendant's offense level under the Sentencing Guidelines by two or three levels, as appropriate, for acceptance of responsibility if, in the opinion of the United States, the defendant continues to demonstrate acceptance of responsibility for his offense, as set forth in Section 3E1.1 of the Sentencing Guidelines;

    2) Recommend either sentencing at the low end of the applicable guideline range or to probation, whichever is applicable; and

    3) Move to dismiss Counts II and III of the Indictment at the time of sentencing on this matter.

  14. I stipulate and agree that the following facts accurately describe my conduct. They provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

  On October 26, 2002, based upon information from a named citizen witness, Sandy City Police officers went to the residence of Antonio Morrison and Kristi Terrell located at

> 8747 South Snow Mountain Circle in Sandy. Located in the search of the residence were boxes of .45 caliber ammunition and a .45 caliber H&K semi- automatic pistol.
>
> The firearm was not made in the State of Utah and, therefore, has traveled in interstate commerce in order to arrive in Utah.
>
> At the time of his possession of the weapon on October 26, 2002, defendant was an unlawful user of a controlled substances: to wit, marijuana, cocaine and/or psilocyn (mushrooms).

15. I understand that the Court can make no decision as to what the sentence will be until the Presentence Report has been received and reviewed by the Judge. I further understand that the Court is not obligated in any way to follow the recommendation of the government concerning sentencing matters. If the Court does not follow the government's recommendation, I know that I will not be allowed to withdraw my plea(s) of guilty.

16. I understand that the Court will consider all relevant conduct at the time of the imposition of sentence. This is true even though the terms of the plea agreement may include a provision for the government to request the dismissal of any counts to which I am not pleading guilty. I also understand that prison officials may consider conduct relevant to dismissed counts when making decisions about my incarceration.

17. I understand that if I knowingly violate any local, state or federal law between now and the time of my sentencing, such offense may constitute a violation of this plea agreement. I also understand that the Court will decide whether a violation of the plea agreement has occurred. If the Court finds that I have breached this agreement by violating any law, I understand that the Court may relieve the government of all obligations and commitments in this plea agreement while leaving intact my plea(s) of guilty.

18. I know I have a right to ask the Court any questions I wish to ask concerning my rights, or about these proceedings, and my plea(s).

\*       \*       \*       \*

I make the following representations to the Court:

1. I am __27__ years of age.

   My education consists of __2 YEARS COLLEGE__.

   I __CAN__ read and understand English.
   (can - ~~cannot~~)

2. No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea.

3. No one has told me that I would receive probation or any other form of leniency because of my plea.

4. I have discussed this case and this plea with my lawyer as much as I wish to.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case, and the consequences of the plea(s). I was not under the influence of any drugs, medication, or intoxicants when the decision to enter the plea(s) was made, and I am not now under the influence of any drugs, medication, or intoxicants.

7. I have no mental reservations concerning the plea(s).

8. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I wish to make no changes because all of the statements are correct.

DATED this __19__ day of __MAY__, 2003.

_____
ANTONIO MORRISON
Defendant

I certify that I have discussed this statement with the defendant; that I have fully explained his/her rights to him/her and have assisted him/her in completing this form. I believe that he/she is knowingly and voluntarily entering the plea(s) with full knowledge of his/her legal rights and that there is a factual basis for the plea(s).

DATED this 19 day of MAY, 2003.

_____
EDWARD K. BRASS
Attorney for Defendant

I certify that this statement sets forth the entire agreement entered into by the government.

DATED this 19th day of May, 2003.

PAUL M. WARNER
United States Attorney

_____
MICHELE M. CHRISTIANSEN
Assistant United States Attorney

7